**AFFIRMED as MODIFIED and Opinion Filed August 3, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00136-CR

### GEORGE OVALLE, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F18-58862-R**

## MEMORANDUM OPINION ON REMAND

Before Justices Pedersen, III, Reichek, and Carlyle
Opinion by Justice Reichek

This case is before us on remand from the Texas Court of Criminal Appeals.

In our original opinion, we determined that a portion of a $25 time payment fee

assessed as part of the court costs under section 133.103 of the Local Government

Code was facially unconstitutional. *Ovalle v. State*, 592 S.W.3d 615, 618 (Tex.

App.—Dallas 2020). The State filed a petition for discretionary review with the

court of criminal appeals. That court recently handed down its opinion in *Dulin v.*

*State*, 620 S.W.3d 129 (Tex. Crim. App. 2021), and held that the time payment fee

was assessed prematurely because the pendency of an appeal suspends the obligation

to pay court costs. Accordingly, in this case, the court of criminal appeals refused

the State's petition and instead granted review on its own motion to determine if the time payment fee should be struck as prematurely assessed. The court then vacated our judgment and remanded this case to us for consideration of that question in light of *Dulin*. *See Ovalle v. State*, No. PD-0127-20, 2021 WL 1938672, at *1 (Tex. Crim. App. May 12, 2021) (per curiam) (not designated for publication). We affirm the judgment as modified below.

Appellant was indicted for aggravated assault with a deadly weapon after he stabbed his neighbor multiple times with a knife. Appellant signed a judicial confession, waived his right to a jury trial, and entered an open plea of guilty to the offense. At the beginning of the plea hearing, the trial judge confirmed with appellant that he was pleading guilty without a plea bargain agreement and admonished him that punishment could be set anywhere within the range provided by law. Appellant acknowledged he understood. After further admonishing appellant, and hearing testimony from both appellant and the victim's aunt, the trial court accepted appellant's plea, made an affirmative deadly weapon finding, and sentenced appellant to eight years in prison.

As with our original opinion, the issues are whether the trial court's judgment should be modified to reflect that appellant entered an open plea and whether a portion of the time payment fee is facially unconstitutional.

In his first issue, appellant contends the judgment should be corrected to show he pleaded guilty without a plea bargain. The State agrees.

The judgment signed by the trial court indicates that appellant was sentenced pursuant to a plea bargain agreement. In the space provided for "Terms of Plea Bargain," the judgment states "8 YEARS TDCJ." We have the power to modify a judgment to speak the truth when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc).

In this case, although appellant signed a document entitled "Plea Agreement," the substance of that document shows appellant intended to enter an open plea of guilty. This was confirmed by the trial court at the beginning of the plea hearing. Because the record affirmatively shows that appellant did not have a plea bargain agreement when he pleaded guilty, we modify the judgment to delete the phrase "8 YEARS TDCJ" in the space provided for "Terms of Plea Bargain" and modify it to state "OPEN PLEA."

In his second issue, appellant contends a portion of a $25 time payment fee assessed as part of the court costs in this case under section 133.103 of the local government code is facially unconstitutional.

The judgment in this case imposed court costs in the amount of $299. Based on the record, this amount necessarily includes the $25 time payment fee. The certified bill of costs assessed court costs in the amount of $274 and included language that a $25 time payment fee would be assessed in accordance with section

–3–

133.013 of the government code "for any fines and or court costs remaining on or after the 31st day from the date of the judgment assessing the fine and or court cost." A subsequent Criminal Court Fee Docket reflects that the $25 time payment fee was assessed on February 25, 2019, twenty-eight days after the January 25, 2019 judgment, for an adjusted balance of $299.

In *Dulin*, the court of criminal appeals determined that "[t]he pendency of appeals stops the clock for purposes of the time payment fee" and that, as a result, the assessment of time payment fees is premature. 620 S.W.3d at 133. Therefore, in accordance with *Dulin*, we conclude the $25 time payment fee should be struck in its entirety as prematurely assessed, without prejudice to being assessed later if, more than 30 days after the issuance of the appellate mandate, the defendant has failed to completely pay any fine, court costs, or restitution that he owes. *See id*.

We modify the trial court judgment to (1) reflect that appellant entered an open plea and (2) reduce the total amount of court costs by $25 to strike the time payment fee.

We affirm the trial court's judgment as modified.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
190136F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GEORGE OVALLE, Appellant

No. 05-19-00136-CR V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas Trial Court Cause No. F18-58862-R. Opinion delivered by Justice Reichek; Justices Pedersen, III and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

(1) To reduce the total amount of court costs by $25 to strike the time payment fee;

(2) The phrase "8 YEARS TDCJ" in the space provided for in "Terms of Plea Bargain" is **DELETED** and **REPLACED** with the words "OPEN PLEA."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered August 3, 2021